**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **EDWARD JAMES COON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:09-CV-989-TFM** |
| **MICHAEL J. ASTRUE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., and supplemental security income benefits under Title XVI of the Act,  42 U.S.C. §§ 1381 *et seq*., Edward Coon ("Coon") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.   When the Appeals Council rejected review of this decision, it became the final decision of the Commissioner of Social Security ("Commissioner").  Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court AFFIRMS THE COMMISSIONER'S decision.

### I.      STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[1]

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

(1) Is the person presently unemployed?

(2) Is the person's impairment(s) severe?

(3) Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[2]

(4) Is the person unable to perform his or her former occupation?

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  Claimants establish a prima facie case of qualifying disability once they meet the burden of proof from Step 1 through Step 4.  At

---

[1] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[2] This subpart is also referred to as "the Listing of Impairments."

[3] Though a supplemental security income case (SSI), *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), applies the sequential process applicable to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or hear testimony from a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. "The Social Security Act mandates that 'findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.'" *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), quoting 42 U.S.C. §405(g). Thus, this Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. *Graham v. Apfel*, 129 F.3d

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

1420, 1422 (11th Cir. 1997).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote* at 1560, citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm if the court would have reached a contrary result as finder of fact, or if evidence preponderates against the Commissioner's findings.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Coon, age 41 at the time of the hearing, completed the seventh grade but obtained his GED.  His past relevant work includes employment as a concrete finisher, maid, and poultry dresser. He has not engaged in substantial gainful work activity since his alleged

disability onset date of November 6, 2006.  Coon's application claims he is unable to work because of migraine headaches and pancreatitis.[5]

During Coon's administrative hearing he told the ALJ that he sometimes has problems due to a broken foot that healed without medical care because he could not afford it.  His last work as a concrete truck driver ended because of ongoing problems with pancreatitis.  Coon takes Ultram on a daily basis, and sometimes Lortab, for pain due to pancreatitis.  His attacks occur at least every other month, and sometimes monthly. The attacks cause him to stay in the bed for about two weeks.  Coon underwent surgery for the pancreatitis in April of 2007, but has not returned to his physician due to lack of money and insurance.  The pancreatitis makes Coon feel weak on most days, with diarrhea two to three times a week.  His left (dominant) hand was crushed when the hood of a truck closed on it.  The constant pain is eased by Ultram and Lortab.  Coon can still write with his left hand and is able to pick up objects with his right hand.  He has severe headaches which can last for two or three days approximately every two months.  The Ultram and Lortab do not ease his headaches.  Coon also has restless leg syndrome which affects his sleep.  Medication helps that condition but leaves him groggy and sleepy the next day.

Coon estimated he can walk a quarter of a mile but he doesn't walk much.  He could not estimate how long he can stand because he feels more comfortable laying down.  He could not estimate how much he can lift because any lifting aggravates his pain.  He spends his days laying in bed and watching television.  He shops about once a

---

[5] R. at 97.

month, cooks and washes dishes when he can stand up to do it.  He does not do yard work or laundry and empties the trash.

The ALJ began her findings of fact with an acknowledgment of the two-step process in which the ALJ must first determine whether an underlying medically determinable physical impairment could reasonably be expected to produce a claimant's pain or other symptoms, and second, the extent to which the intensity, persistence and limiting effects of the claimant's symptoms limit the ability to do basic work activities. Essential in this process is the ALJ's consideration of the entire record, in addition to an evaluation of a claimant's credibility regarding these factors.   The ALJ's consideration of the record noted a history of acute recurrent pancreatitis which began with a two-day hospitalization in March, 2007.  Upon discharge, Coon was treated by Dr. Charles Wilcox through July, 2007.  There is no evidence of any additional treatment by Dr. Wilcox.[6]

Medical records show Coon's history of a slightly displaced avulsion fracture of the malleolar, left ankle, and metacarpal fracture in his left hand.  The hand was surgically repaired with x-rays showing satisfactory alignment of the fracture.  There is no evidence of any treatment beyond beyond the initial treatment and healing, which caused the ALJ to doubt Coon's testimony of severe pain and difficulty in the use of his left hand.[7]

The record documents Coon's monthly visits to treating physician Dr. S. Vishwanath from August 2007 to February 2009.  The primary complaints were "off and

---

[6] R. at 19.
[7] R. at 19.

on" abdominal pain and restless leg symptoms. The ALJ had difficulty reading the handwritten medical records, but could nonetheless discern that Coon's pain level was stable, and his treatment "included nothing other than medication." The records from Dr. Vishwanath do not indicate that Coon is significantly limited or disabled by his impairments or symptoms. The ALJ also considered Coon's testimony that his prescribed medication for restless leg left him groggy and sleepy in the morning.[8] Finding no mention of adverse side effects in the medical record, the ALJ discounted the claim of adverse side effects from medication which would limit Coon's performance of work or everyday tasks.[9]

The ALJ concluded Coon has medically determinable impairments which could reasonably be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of the symptoms are not credible. The ALJ found Coon has the residual functional capacity (RFC) to perform light work, limited by an inability to perform repetitive fine fingering, and should avoid dangerous moving equipment and unprotected heights. These limitations were presented to the vocational expert (VE) who testified during Coon's hearing. The ALJ told the VE to assume a person with Coon's vocational history who is unable to lift or carry anything in excess of 20 pounds occassionally, and 10 pounds frequently. The hypothetical person should avoid dangerous/moving equipment, unprotected heights, and could perform gross

---

[8] R. at 223.
[9] R. at 20.

manipulations bilaterally and non-repetitive fine manipulations.  The VE responded that the hypothetical person could return to past work as a maid or poultry dresser.[10]

The ALJ found Coon is severely impaired by pancreatitis, history of injury to left hand and left foot, and migraine headaches, but that this combination of impairments does not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.[11]  The ALJ found Coon is able to perform past relevant work as a maid or poultry dresser.[12]  The finding that Coon can return to past work led the ALJ to conclude he is not entitled to disability benefits under the Act.[13]

After the issuance of the ALJ's decision of May 13, 2009, Coon submitted an updated opinion letter and physical capacities form by Dr. Vishwanath to the Appeals Council.  The opinion letter is dated June 22, 2009, states that Coon has chronic pancreatitis with severe abdominal pain, chronic left hand pain, and that he is unable to work due to pain and medication used for pain.  The Appeals Council denied review.

## III.  ISSUES

Coon raises three issues for judicial review:

1.  Whether the ALJ erred in her consideration of the treating physician's opinion;

2.  Whether the Commissioner correctly weighed the treating physician's opinion; and

---

[10] R. at 230-31.
[11] R. at 17.
[12] R. at 220-21.
[13] R. at 21.  The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520  and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

3.  Whether the ALJ correctly evaluated the evidence of subjective pain and suffering under the Eleventh Circuit pain standard.

## IV.  DISCUSSION

**1.  <u>The ALJ correctly evaluated the testimony of subjective pain and limitations under the Eleventh Circuit pain standard</u>.**

Coon argues the ALJ misapplied the Eleventh Circuit's pain standard to his testimony about subjective pain and limitations.  The Commissioner responds that the ALJ followed the correct steps for evaluating testimony of subjective pain and limitations, but simply did not find the testimony credible.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled.  20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Eleventh Circuit has set forth criteria to establish a disability based on testimony about pain and other symptoms.  It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.   If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225  (11th Cir. 2002) (citations omitted).  A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability."  *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).  "Indeed, in certain situations, pain alone can be

disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). An ALJ must explicitly explain why he chose not to credit a claimant's testimony. *Brown*, 921 F.2d at 1236. When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Under *Wilson*, a claimant's subjective testimony can establish disability if it is sufficiently supported by medical evidence. *Brown* at 1236. An ALJ's credibility findings are an important factor in the application of the pain standard. *Wilson, id*. Here, the ALJ found Coon's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but credibility issues were plainly identified as barriers to satisfaction of the pain standard. The ALJ noted that Coon had not received treatment for the injury to his left hand since 2007, and found his "testimony of severe pain . . . inconsistent with the nature of his injury and the treatment that was required."[14] The ALJ also found Coon's claimed level of pain attributable to pancreatitis is "not entirely credible" because records from Dr. Vishwanath, treating physician, showed that Coon's monthly visits presented complaints related primarily to "symptoms of 'off and on'

---

[14] R. at 19.

abdominal pain," and Dr. Vishwanath's notes did not indicate significant limitation or disability.[15]

The ALJ concluded that if Coon was "truly experiencing pain and other symptoms in the severity, frequency, and duration alleged," the record would show more regular treatment or even occasional emergency room visits.[16]   Coon's complaints of side effects were also discounted by the ALJ because Dr. Vishwanath's records did not show concerns about grogginess or sleepiness.[17]   *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing claimant's lack of consistent complaints, treatment, and use of pain medication in affirming ALJ's conclusion that "pain standard" was not met.); *see also Watson v. Heckler*, 738 F.2d 1169, 1172-73 (11th Cir. 1984) (noting that, when considering allegations of pain, an ALJ must weigh the overall record, including frequency of treatment, use of medications, and conflicting statements).

This Court must accept the ALJ's credibility finding, as the ALJ articulated explicit and adequate reasons for her finding.  *Wilson, id*.

2. **The Appeals Council did not err by failing to remand the case back to the ALJ to consider additional medical evidence.**

Coon makes two arguments for reversing the ALJ's decision after the Appeals Council received an opinion from Dr. Vishwanath dated June 22, 2009.  First, Coon argues the ALJ did not properly consider the opinion, and he then argues the Appeals

---

[15] R. at 19.
[16] R. at 20.
[17] R. at 20.

Council did not provide good cause to reject the treating physician's opinion.[18]   The

Commissioner responds the Appeals Council did not err in its treatment of the treating

physician's opinion because the additional records were not material and would not have

changed the administrative result.

In *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998), the Eleventh Circuit held that

evidence submitted to the Appeals Council justifies a remand where a plaintiff shows

"that (1) new, noncumulative evidence exists, (2) the evidence is material such that a

reasonable possibility exists that the new evidence would change the administrative

result, and (3) good cause exists for the applicant's failure to submit the evidence at the

appropriate administrative level."    *Falge*, 150 F.3d at 1323.  Coon argues the post-

decision letter from his treating physician represented new, material evidence that would

have changed the administrative decision in his case.  The Commissioner rebuts Coon's

position by citing the opinion's post-decision date.  *See* 20 C.F.R. § 404.970(b) ("If new

and material evidence is submitted, the Appeals Council shall consider the additional

evidence only where it relates to the period on or before the date of the administrative law

judge hearing decision.").

The Court notes that the treating physician's opinion of disability was created only

after the ALJ found Coon was not credible on the issues of his pain and limitations, and

therefore was not disabled.  The opinion from Dr. Vishwanath would be less persuasive

to the ALJ in this case because the ALJ's review of treatment notes specifically found an

absence of limitations by the treating physician.  *See Phillips v. Barnhart*, 357 F.3d at

---

[18] The ALJ's decision in this case is dated May 13, 2009.  Coon presented the opinion of June 22, 2009, directly to the Appeals Council.  The ALJ did not review the opinion, and therefore cannot have erred regarding its treatment.

1240-41 (finding good cause to reject a treating physician's opinion where the opinion is not supported by the evidence); *see also Weetman v. Sullivan,* 877 F.2d 20, 23 (9th Cir. 1989) (Treating physician's post-decision opinion discounted because it was issued after the ALJ's adverse determination and was inconsistent with notes from earlier examinations of claimant.).

The Court finds that the new evidence would not likely change the administrative result if the Appeals Council had remanded the case for additional consideration by the ALJ.  Therefore, the evidence is not "material" as contemplated by the Eleventh Circuit in *Falge*.  Thus, there is no error in the denial of review by the Appeals Council, or the decision not to remand to the ALJ for further consideration of the new evidence.

## V.   CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment is entered herewith.

DONE this 21st day of October, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE